## PATRICK KELLY, RESPONDENT, *v.* THE INDEMNITY FIRE INSURANCE COMPANY, APPELLANT.

*Evidence—Books of Account—Credibility—Question of fact.*

When books of account have been offered in evidence without objection, to establish the amount of goods in a building destroyed by fire, and it is claimed that the books have been fraudulently altered to increase the apparent quantity of goods in such building, and evidence is given to sustain the credit of the books, the question thus raised is one of fact, and belongs to the jury to decide.

APPEAL from judgment of General Term, Fourth District, affirming judgment on verdict in favor of the Plaintiff.

*L. Tremain* for Appellant.

*W. A. Beach* for Respondent.

DWIGHT, J.—This was an action on a fire policy for $2,500, covering the Plaintiff's stock of boots, shoes, etc., in a store at Chicago, Illinois. Evidence was given tending to show that the goods were not the Plaintiff's, but that his name was used as a cloak for one Miller, his son-in-law; that a large portion of the goods alleged to have been destroyed were not owned by the Plaintiff, but were held for sale on commission for the firm of John Hill & Co., of Boston and Chicago, and that the amount and value of goods destroyed were fraudulently exaggerated by falsification of the Plaintiff's books of account, from which the amount of goods on hand at the time of the fire was in part ascertained. Accordingly, at the close of the trial, the Court submitted to the jury the following, among other questions, for special verdicts, viz.: What was the value of the goods in the store, belonging to the Plaintiff, at the time of the fire?

What was the amount of property destroyed or injured by the fire?

Have the account books of the Plaintiff been falsely or fraudulently altered?

The jury answered the last question in the negative; found the value of the Plaintiff's goods in the store at the time of the fire to be $14,631.16, and the amount destroyed $12,119.88, and found a general verdict for the Plaintiff for the amount of the policy.

The case states that, " to each and every of these findings the Defendant's counsel excepted in time." The ground of exception to the last question is not stated, but the objection considered in the opinion of the Supreme Court at General Term, and that urged on the argument here is, that the question was one for the Court, and not for the jury. Indeed, the objection that the Court erred in submitting this question to the jury is the only point made by the Appellant, in this Court, as a ground for the reversal of the judgment.

It seems that very great doubt was raised by the evidence whether any such amount of goods was destroyed, or was actually in the store, as was claimed by the Plaintiff in his proofs of loss, and as found by the jury; and so much so, that the Judge who wrote the opinion at the General Term, being the same who tried the cause at the Circuit, says: "It is clear, to my mind, that the evidence was decidedly against the finding on that point;" and further, " I am quite convinced that injustice has been done the defendant in this verdict." But the question of the amount of goods destroyed had been submitted to the jury, without objection, and had been passed upon by them, and no motion for a new trial had been made, either upon the Judge's minutes or at Special Term, and the General Term was, no doubt, right in its conclusion that that question of fact could not be reviewed on an appeal from the judgment.

It is plain, therefore, that the only question which could be considered at the General Term, or which can be considered here, arises upon the submission to the jury of the question of the fraudulent alteration of the Plaintiff's book of account. I am unable to see that there was any error in such submission which can affect the judgment. These books were relied upon as one class of evidence, to establish the fact of the amount and value of goods on hand at the

time of the fire. As such they were offered by the Plaintiff, and received without objection. Upon inspection before the jury, the entries of purchases were found, in many instances, to have been altered, at some time not disclosed, in such a manner as largely to increase the amount of goods on hand, as well as to change the apparent character in which some of the goods were held. The alterations were such as to raise a strong presumption, and as, unexplained, must have entirely discredited the books and required their exclusion from the evidence, had the Court been requested so to rule. But the alterations were open to explanation; and evidence offered by the Plaintiff was received without objection, tending to explain them. The entries were also, to a large extent, corroborated by other evidence.

The material question was, whether the entries of bills of purchases, appearing upon the books, and claimed to have been altered, were, in fact, correct; whether the goods were actually purchased and received by the Plaintiff, as indicated by the books. The alterations especially complained of, and which were claimed to have enhanced the amount of goods apparently on hand by over $10,000, were those in the account with John Hill & Co. It was claimed that the heading of this account had been altered from " John Hill & Co., commission account," to " John Hill & Co., old stock account," and that in four particular items the amount of goods apparently purchased or received from that firm had, by alterations, been increased over $10,000. But Miller, the agent of the Plaintiff, testified that the goods embraced in those four items were actually purchased by him for the Plaintiff, from an old stock of John Hill & Co., in Chicago, and that the original was " Chicago account; " and John Hill, who was examined as a witness on commission, testified that his firm actually sold to the Plaintiff, at the several dates of the four specified items, the several amounts of goods mentioned in those items, and he verified an extract from the books of his own firm, which showed entries of sales to the Plaintiff, corresponding precisely in dates and amounts with the four entries of purchases in the books of the Plaintiff, claimed to have been altered. This evidence, if

believed, entirely rebutted the presumption of fraud raised by the apparent alterations complained of, and of course the degree of credit to be given to it was a question for the jury.

But, even without this evidence in explanation of the alterations, and corroborating the correctness of the entries as they stood, I do not see how the Court committed any error. There was no objection to the introduction of the books of account; when the alterations were discovered there was no request to exclude the books from the consideration of the jury; there was no motion for a nonsuit on the ground that there was not sufficient proof of the amount of property destroyed, nor, at the close of the trial, was there any request made to the Court to charge the jury as to the effect of the alterations, nor as to the degree of credit or discredit to be given to the books. Counsel who tried the cause for the Defendant were content with exceptions to the submission to the jury of the question whether there had been fraudulent alterations in the books of account. I think it is clear that this submission was neither erroneous nor to the prejudice of the Defendant. Counsel here insist that the question of the effect of these alterations should have been withdrawn from the jury and decided by the Court. But, first, we have seen that there was no request that the Court should rule upon that question; and, second, that, with the explanatory and corroborative evidence in the case, it was properly a question for the jury.

The judgment must be affirmed.

Judgment affirmed.

JOEL TIFFANY,
State Reporter.